BENJAMIN F. REGEL v. HENRY M. SEAGRAVES.

An appearance entered by the defendant under the thirty-eighth section of the attachment act does not interfere with the right of the plaintiff to proceed as if it had not been entered. Notice of such appearance must be given to the plaintiff in order to affect his rights.

In attachment.    On motion to vacate judgment.

Argued at February Term, 1884, before Justices KNAPP, DIXON and MAGIE.

For the plaintiff, *J. F. Dumont.*

For the defendant, *C. F. Fitch.*

The opinion of the court was delivered by

DIXON, J.    On July 17th, 1883, judgment in attachment was entered by the plaintiff pursuant to section 45 of the attachment act. *Rev., p.* 41.

The regularity of this judgment is denied, because on July 14th, 1883, the defendant entered his appearance to the suit according to section 38 of the act, and within twenty days thereafter gave notice thereof to the plaintiff, although such notice was not given until after judgment. The defendant claims that the appearance alone, if followed by notice within twenty days, terminated the right of the plaintiff to proceed under the attachment act, while the plaintiff insists that both appearance and notice were necessary to produce that effect. The question is one of positive enactment, and, we think, is to be decided for the plaintiff. The thirty-eighth section provides that the defendant's "appearance shall be entered in the clerk's book, and notice thereof given to the plaintiff or plaintiffs, creditor or creditors, or his, her or their attorney or attorneys, within twenty days thereafter; and *after such appearance and notice,* the suit or suits of such plaintiff or plaintiffs, creditor or creditors, shall proceed in all respects as if commenced by summons, and no other or further claim shall be put in under such attachment after the entry of such appearance."

This is the only clause touching the effect of the appearance and notice. It plainly provides that the appearance itself shall exclude creditors who had not previously intervened, but that the proceedings of the plaintiff and of creditors who

had already sued, are not to be interfered with until after both appearance and notice. And this is just. An appearance by the defendant is not a regular step in the orderly course of a suit by attachment, and it is the common rule that litigants are not affected by any proceeding out of the usual course, unless upon notice thereof. It would be a hardship upon the plaintiff to require him, immediately before taking each step in his suit, to ascertain whether any appearance had been entered, and it would be no less a hardship to compel him to retrace every step taken after appearance without notice. On the other hand, it is no hardship for the defendant to require of him that he shall give notice of his appearance at once. The provision of the statute that notice shall be given within twenty days after the entry of the appearance, renders plausible the defendant's claim that notice so given has relation to the time of the entry and effectuates the appearance from its date for all purposes; but this is not the necessary meaning; it may signify that, without such notice, the appearance shall be regarded as abandoned, and made void. At any rate, it does not call upon the court to defeat the plain tenor of the law, that only after appearance and notice is the plaintiff's course of procedure to be changed.

The rule to vacate the judgment should be discharged, with costs.